**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **GRQ INVESTMENT MANAGEMENT, LLC** | |
|            **Plaintiff,** | Case No. |
|     **v.** | |
| | **COMPLAINT** |
| **T. ROWE PRICE GROUP, INC., T. ROWE** | **FOR PATENT INFRINGEMENT** |
| **PRICE ADVISORY SERVICES, INC., T.** | |
| **ROWE PRICE ASSOCIATES, INC., T.** | **DEMAND FOR JURY TRIAL** |
| **ROWE PRICE INVESTMENT SERVICES,** | |
| **INC., T. ROWE PRICE RETIREMENT** | |
| **PLAN SERVICES, INC., AND T. ROWE** | |
| **PRICE SERVICES, INC.** | |
| | |
|            **Defendants.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GRQ Investment Management, LLC ("GRQ" or "Plaintiff") hereby alleges for its Complaint for patent infringement against Defendants T. Rowe Price Group, Inc., T. Rowe Price Advisory Services, Inc., T. Rowe Price Associates, Inc., T. Rowe Price Investment Services, Inc., T. Rowe Price Retirement Plan Services, Inc., and T. Rowe Price Services, Inc., (collectively, "TRP" or "Defendants") as follows:

## PARTIES

1.     Plaintiff GRQ Investment Management, LLC is a Texas limited liability company, having a principal place of business at 7005 Chase Oaks Blvd., Suite 180, Plano, TX 75025.

2.     On information and belief, Defendant T. Rowe Price Group, Inc., is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt Street, Baltimore, MD 21202.  On information and belief, T.

Rowe Price Group, Inc., may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

3.     On information and belief, Defendant T. Rowe Price Advisory Services, Inc., is a subsidiary of T. Rowe Price Group, Inc., and a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt Street, Baltimore, MD 21202.  On information and belief, T. Rowe Price Advisory Services, Inc., may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

4.     On information and belief, Defendant T. Rowe Price Associates, Inc., is a subsidiary of T. Rowe Price Group, Inc., and a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt Street, Baltimore, MD 21202.  On information and belief, T. Rowe Price Associates, Inc., may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

5.     On information and belief, Defendant T. Rowe Price Investment Services, Inc., is a subsidiary of T. Rowe Price Group, Inc., and a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt Street, Baltimore, MD 21202.  On information and belief, T. Rowe Price Investment Services, Inc., may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

6.     On information and belief, Defendant T. Rowe Price Retirement Plan Services, Inc., is a subsidiary of T. Rowe Price Group, Inc., and a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt

Street, Baltimore, MD 21202.  On information and belief, T. Rowe Price Retirement Plan Services, Inc., may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

7.      On information and belief, Defendant T. Rowe Price Services, Inc., is a subsidiary of T. Rowe Price Group, Inc., and a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 100 East Pratt Street, Baltimore, MD 21202.  On information and belief, T. Rowe Price Services, Inc may be served via its registered agent, The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, TRP has transacted business in this district and/or has committed acts of patent infringement in this district.

10.     On information and belief, TRP is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

11.    For example, TRP provides advisory services to entities such as the Texas Prepaid

Higher Education Tuition Board.

(http://www.pionline.com/article/20140909/ONLINE/140909880/texas-prepaid-revamps-

investment-lineups-for-529-plans).

## U.S. PATENT NOS. 7,617,140 AND 7,606,751

12.    GRQ is the owner by assignment of United States Patent No. 7,617,140 ("the '140

Patent") entitled "Systems and Methods for Improving Investment Performance." The '140

Patent issued on November 10, 2009. A true and correct copy of the '140 Patent is attached as

**Exhibit A**.

13.    GRQ is the owner by assignment of United States Patent No. 7,606,751 ("the '751

Patent") entitled "Systems and Methods for Improving Investment Performance." The '751

Patent issued on October 20, 2009. A true and correct copy of the '751 Patent is attached as

**Exhibit B**.

14.    On information and belief, to the extent any marking was required by 35 U.S.C.

§ 287, predecessors in interest to the '140 Patent complied with such requirements.

15.    On information and belief, to the extent any marking was required by 35 U.S.C.

§ 287, predecessors in interest to the '751 Patent complied with such requirements.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,120,140 BY TRP

16.    Plaintiff GRQ incorporates paragraphs 1 through 15 as if set forth herein.

17.    TRP has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe the

'140 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States

by, among other things, making, using, selling, offering to sell, and/or importing, without license, directly or through its customers, managed account services, such as Target-Date funds.

18.     TRP's products and services fall within the scope of at least claim 1 of the '140 Patent, as evidenced by TRP and its product descriptions.  For example, TRP provides a system for automatically reallocating funds within a retirement investor's investment vehicle, providing automatic enrollment in a retirement plan, and using at least one computer to automatically reallocate funds within an investment vehicle in response to a change of age of the retirement investor.

19.     For example, TRP provides a Target Date Fund for an investor which automatically reallocates funds within the investor's investment vehicle.   Additionally, TRP provides a means for automatic enrollment of the investor in a retirement plan. *See* Reference Point, T. Rowe Price Defined Contribution Plan Data as of 12/31/2012.  Furthermore, TRP stores the personal information corresponding to the retirement investor in a computerized database. *See*        http://individual.troweprice.com/public/Retail/hUtility/Customer-Service/Policies-&-Procedures/Privacy-Policy.

20.     TRP provides, via a computer, the retirement investor with a choice to opt out of the retirement plan, deducts funds automatically from the pay of the retirement investor, and automatically placing those deducted funds in the retirement investor's investment vehicle associated with the retirement plan.  *See* Success of Auto Enrollment and Auto Increase: Using Behavioral Finance to Improve Retirement Planning, May 13, 2010.

21.     Furthermore, TRP uses at least one computer to automatically reallocate funds within the retirement investor's investment vehicle, in response to a change of age of the retirement investor and provides the retirement investor a choice to opt out of automatic

5

reallocation of funds within the retirement investor's investment vehicle, in response to a change of age of the retirement investor.



COMBINE THE FEATURES THAT BEST ALIGN WITH CORPORATE AND BENEFIT PROGRAM GOALS*

| Key Elements in Successful Outcomes | BASIC PROGRAM | ENHANCED PROGRAM—Basic Program, Plus: | ADVANCED PROGRAM—Enhanced Program, Plus: |
|---|---|---|---|
| Participation | ■ Auto-enroll new employees at low default savings levels | ■ Auto-enroll all eligible employees at higher initial default rates | ■ Periodically reenroll nonparticipating employees |
| Savings Adequacy | ■ Improve savings adequacy with opt-in auto-increase | ■ Implement annual auto-increases in deferral rates on an opt-out basis<br>■ Implement "auto-boost" deferral rate increases to bring savings rates up to a minimum default rate or up to the maximum matching contribution level (if offered) | ■ Periodically reenroll participants who have previously opted out of auto-increase |
| Diversification | ■ Provide diversified investments that align with participant retirement time horizons<br>■ Auto-default into QDIA | ■ Reset formerly defaulted investors into new QDIA<br>■ Reset improperly diversified portfolios to QDIA<br>■ Reset unengaged participants to QDIA | ■ Periodically reset improperly diversified portfolios to QDIA |

Utilize an opt-out approach to fully harness inertia to help achieve retirement readiness.

* Possible automatic program features highlighted on this page are ultimately the decision of the plan administrator and each option should be carefully reviewed by the company's committee and/or ERISA attorney.

https://www2.troweprice.com/rms/rps/Marketing/Articles/AdvancesinAutomaticSavings ProgramDesign_whitepaper.pdf

22.    As a result of TRP' infringement of the '140 Patent, GRQ has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless TRP' infringing activities are enjoined by this Court.

23.    Unless a permanent injunction is issued enjoining TRP and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '140 Patent, GRQ will be irreparably harmed.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,606,751 BY TRP

24.     Plaintiff GRQ incorporates paragraphs 1 through 23 as if set forth herein.

25.     TRP has, pursuant to 35 U.S.C. § 271, infringed and continues to infringe the '751 Patent in the State of Texas, in this judicial district, and/or elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing, without license, directly or through its customers, advisory services, such as its Reference Point, Automated Services: Automatic Increase.

26.     TRP's products and services fall within the scope of at least claim 1 of the '751 Patent, as evidenced by TRP and its Reference Point, Automated Services: Automatic Increase product description.   For example, TRP's Reference Point, Automated Services: Automatic Increase product provides a method for automatically increasing the percentage of pay deducted from the pay of a retirement investor.



http://rps.troweprice.com/mc/sites/referencepoint/pdfs/Automatic_Increase.pdf

27.     For example, Reference Point: Automated Services: Automatic Increase provides automatic enrollment of the retirement investor in a retirement plan, and stores personal information corresponding to the retirement investor in a computerized database. *See* Reference Point, T. Rowe Price Defined Contribution Plan Data as of 12/31/2012; *see also* http://individual.troweprice.com/public/Retail/hUtility/Customer-Service/Policies-&-Procedures/Privacy-Policy.  Furthermore, T. Rowe Price's Reference Point: Automated Services: Automatic Increase provides the retirement investor, via computer, with a choice to opt out of the retirement plan.  *See* Success of Auto Enrollment and Auto Increase: Using Behavioral Finance to Improve Retirement Planning, May 13, 2010.

28.     Additionally, T. Rowe Price's Reference Point: Automated Services: Automatic Increase deducts funds automatically from the pay of the retirement investor, and automatically places those deducted funds in the retirement investor's investment vehicle associated with the retirement plan.  T. Rowe Price's Reference Point: Automated Services: Automatic Increase uses a computer to automatically increase the percentage of pay automatically deducted from the pay of the retirement investor, in response to a change of age of the retirement investor, and provides the retirement investor with the ability to opt out of the automatic increase in the percentage of pay automatically deducted from the pay of the retirement investor.

> In addition to applying automatic enrollment utilizing the QDIA, many plans are also using automatic increase programs to drive escalation of deferral rates. Of T. Rowe Price Retirement Plan Services (RPS) clients for whom we track deferral rates, 83.7% have adopted some form of automatic increase program. However, 68.5% of those plans utilizing this feature do so on an opt-in basis. This opt-in approach resulted in only 8.3% of participants opting in to the program. However, of those plans offering the program on an opt-out basis, 64.7% of
>
> Of those plans offering the (auto-increase) program on an opt-out basis, 64.7% of participants remained in the program.
>
> participants remained in the program, further supporting the evidence that automation effectively overcomes participant inertia (T. Rowe Price, 2012).

https://www2.troweprice.com/rms/rps/Marketing/Articles/AdvancesinAutomaticSavings
ProgramDesign_whitepaper.pdf

29.     As a result of TRP's infringement of the '751 Patent, GRQ has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless TRP's infringing activities are enjoined by this Court.

30.     Unless a permanent injunction is issued enjoining TRP and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '751 Patent, GRQ will be irreparably harmed.

### PRAYER

WHEREFORE, GRQ incorporates each of the allegations in paragraphs 1 through 30 above and respectfully requests that this Court enter:

1.     A judgment in favor of GRQ that TRP has infringed, directly or indirectly, the '140, and '751 Patents;

2.     A permanent injunction enjoining TRP and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity, with any of them, from infringing, directly, jointly, and/or indirectly the '140 and '751 Patents;

3.     A judgment and order requiring TRP to pay GRQ its damages, costs, expenses, and prejudgment and post-judgment interest for TRP's infringement of the '140 and '751 Patents Patent as provided under 35 U.S.C. § 284;

5.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to GRQ its reasonable attorney fees; and

6.     Any and all other relief to which GRQ may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable to a jury.

Dated: February 24, 2015                    Respectfully submitted,

                                            By: /s/  *Neal Massand*

                                            Neal G. Massand
                                            Texas Bar No. 24039038
                                            nmassand@nilawfirm.com
                                            Timothy T. Wang
                                            Texas Bar No. 24067927
                                            twang@nilawfirm.com
                                            Stevenson Moore V
                                            Texas Bar No. 24076573
                                            smoore@nilawfirm.com

                                            **Ni, Wang & Massand, PLLC**
                                            8140 Walnut Hill Ln., Ste. 310
                                            Dallas, TX 75231
                                            Telephone: 972.331.4140
                                            Fax: 972.314.0900

                                            **ATTORNEYS FOR PLAINTIFF GRQ
                                            INVESTMENT, LLC**